**Alisa RICH, Appellant**

v.

**RANGE RESOURCES CORPORATION and Range Production Company, Appellees**

**NO. 02-17-00090-CV**

Court of Appeals of Texas, Fort Worth.

DELIVERED: November 22, 2017

ATTORNEYS FOR APPELLANT: DONALD E. GODWIN, GEORGE R. CARLTON, JR., SHAWN M. MCCASKILL, GODWIN BOWMAN & MARTINEZ PC, DALLAS, TEXAS.

ATTORNEYS FOR APPELLEES: ANDREW D. SIMS, RUSSELL R. BARTON, SHELBY J. WHITE, HARRIS, FINLEY & BOGLE, P.C., FORT WORTH, TEXAS.

PANEL: SUDDERTH, C.J.; KERR and PITTMAN, JJ.

## OPINION

MARK T. PITTMAN, JUSTICE

This is an appeal from the trial court's denial of sanctions under section 27.009 of the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009 (West 2015). Because the

denial was error, but not harmful error, we affirm.

## I. BACKGROUND

In an original proceeding, this court held that the trial court abused its discretion by denying Appellant Alisa Rich's motion under the TCPA to dismiss the claims brought against her by Appellees Range Resources Corporation and Range Production Company (collectively, Range), and we ordered the trial court to dismiss the claims. *See In re Lipsky*, 411 S.W.3d 530, 554 (Tex. App.—Fort Worth 2013, orig. proceeding), *mand. denied*, 460 S.W.3d 579, 597 (Tex. 2015). Range sought mandamus relief in the Supreme Court of Texas, which denied Range's petition. *Lipsky*, 460 S.W.3d at 597.

After the case was remanded to the trial court, it dismissed Range's claims against Rich and awarded Rich $470,012.41 in attorney's fees pursuant to the TCPA. In addition to attorney's fees, Rich filed a motion for sanctions requesting the imposition of sanctions against Range under section 27.009(a)(2). She originally sought $3 million in sanctions but later filed an amended motion seeking $30 million in sanctions against Range. In support of her motion for sanctions, she provided the trial court with (1) the opinions of this court and of the Supreme Court of Texas in the mandamus proceedings; (2) Range Resources Corporation's Form 10-Ks from December 2014 and December 2015 showing Range's reported net income; (3) the affidavit of Range's senior vice president that Range had used as support for its claim for $3 million in damages against Rich; (4) Range's response to her motion for attorney's fees; (5) Range's response to her motion for sanctions; (6) a news release about Range's merger with another corporation; (7) Range Resources Corporation's Schedule 14A Proxy Statement from April 2016; and (8) the court reporter's record from the original hearing on her motion to dismiss and for attorney's fees.

At the start of the hearing on the motion for sanctions, the trial court stated that the hearing would address not only the proper amount of sanctions but also whether Rich was entitled to sanctions at all. Rich's attorney argued that the award of sanctions against Range was mandatory under section 27.009. In response, Range argued the merits of its claims that had been dismissed and asserted that there was no evidence that the imposition of sanctions would deter "anything because Range has no need to be deterred from filing similar lawsuits. It hasn't done so." Range further contended that if the trial court concluded that sanctions were required to be imposed under the TCPA, the trial court should award only a nominal amount to Rich.

After the hearing, the trial court denied Rich's motion for sanctions in its entirety. The trial court did not file findings of fact or conclusions of law, and the trial court's judgment therefore implies all findings of fact necessary to support it. *See Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766–67 (Tex. 2011); *Wood v. Tex. Dep't of Pub. Safety*, 331 S.W.3d 78, 79 (Tex. App.—Fort Worth 2010, no pet.). The only issue in this appeal is whether the trial court abused its discretion by denying Rich's motion for sanctions upon the dismissal of Range's legal action under the TCPA.

## II. DISCUSSION

### A. The Award of Sanctions is Mandatory Under Section 27.009.

First of all, this court has previously held that when a legal action is dismissed under the TCPA, an award of sanctions against the party who brought the

action is mandatory under section 27.009.[1] *Rauhauser v. McGibney*, 508 S.W.3d 377, 389 (Tex. App.—Fort Worth 2014, no pet.), *disapproved of on other grounds by Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017). Accordingly, the trial court abused its discretion by denying Rich's motion for sanctions in its entirety. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642–43 (Tex. 2009) (stating that a trial court has no discretion in determining what the law is and that if the trial court fails to properly interpret the law, it abuses its discretion); *Sullivan v. Abraham*, 472 S.W.3d 677, 683 (Tex. App.—Amarillo 2014) ("Refusing to perform a mandatory duty constitutes an abuse of discretion."), *rev'd on other grounds*, 488 S.W.3d 294 (Tex. 2016). However, we also held in *Rauhauser* that "the trial court possesses discretion to determine the sanction amount that is required to deter the party who brought the legal action from bringing similar actions in the future." 508 S.W.3d at 389; *see also Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 881 (Tex. App.—Dallas 2014, no pet.) (stating that it was the trial judge's prerogative to weigh the evidence "in determining, as a matter of discretion, how large the sanction needed to be to accomplish its statutory purpose"), *disapproved of on other grounds by Hersh*, 526 S.W.3d at 468.

◼ A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39

(Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620. An abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (op. on reh'g).

◼ At the hearing on Rich's motion for sanctions, Range argued that it had no need to be deterred from filing future TCPA claims because it has not filed any other defamation lawsuits against people who had left negative comments about Range on news articles posted online. The trial court found Range's arguments persuasive, and its order contains an implied finding that Range did not need deterring from filing similar actions in the future. *See Wood*, 331 S.W.3d at 79; *see also Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *11 (Tex. App.—Austin Apr. 11, 2014, pet. denied) (mem. op.) (noting that section 27.009 does not expressly require the trial court to explain how it reached its determination of the amount of sanctions to award).

Although the trial court was required by section 27.009 to award some amount of sanctions, it had the discretion to award only a nominal amount, such as $1.00. *See*

---

1. Section 27.009 provides, in pertinent part:
   (a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:
   (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and
   (2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.
   Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a).

*Rauhauser*, 508 S.W.3d at 389; *see also MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 665 (Tex. 2009) (noting that "nominal damages" usually refers to an award of $1). It is well-settled that a trial court's failure to award $1 is not reversible error. *See, e.g., MBM Fin. Corp.*, 292 S.W.3d at 666 (" '[W]here the record shows as a matter of law that the plaintiff is entitled only to· nominal damages, the appellate court will not reverse merely to enable him to recover such damages.' " (citation omitted)); *cf. RenewData Corp. v. Strickler*, No. 03-05-00273-CV, 2006 WL 504998, at *18 (Tex. App.—Austin Mar. 3, 2006, no pet.) (mem. op.) (holding that any harm from the trial court's $1 damage award was *de minimus* and did not merit reversal of the trial court's judgment).[2]

Rich takes umbrage with the trial court's failure to award sanctions and contends that Range remains undeterred from filing similar actions in the future because it continues to argue against the final decisions of this court and the Supreme Court of Texas and continues to re-argue the merits and the evidence of the dismissed claims against her. According to Rich, a mandatory sanction in an amount between $3 million and $30 million is sufficient and necessary to deter Range. While we agree that Range's arguments to the trial court below may have misinterpreted the opinions of this court and the Supreme Court

of Texas, Range made those arguments only in response to Rich's motion for sanctions in an effort to show that it filed its suit in good faith and that therefore sanctions were not called for. Indeed, Range did not· refile its litigation against her. Here, the trial court impliedly found that Range's arguments did not indicate a likelihood of filing similar litigation in the future, despite its arguments about the merits of its case against Rich.

## B. Rich's Reliance on *Kinney v. BCG Attorney Search* is Misplaced.

Relying heavily upon *Kinney v. BCG Attorney Search*, Rich also argues that the amount of attorney's fees awarded against Range may apply as a guideline as to the amount of sanctions that the trial court should have awarded against Range. In other words, the $470,012.41 in attorney's fees the trial court awarded against Range may·serve as a guideline as to the amount of sanctions in this case. *See Kinney*, 2014 WL 1432012, at *12. Without agreeing or disagreeing with the· Austin Court of Appeal's analysis, we find *Kinney* easily distinguishable.

In *Kinney*, BCG sued Kinney in California after Kinney posted a negative comment about BCG online. *Id.* at *1. The California court dismissed BCG's suit under California's anti-SLAPP law and awarded Kinney attorney's fees of $45,000. *Id.* at *2. Undeterred by the award of

---

**2.** Of course, if this court were to hold that the TCPA mandates the award. of a certain amount of sanctions upon the dismissal of a legal action, we would go far beyond our constitutional duty to only interpret the law as written, and· we would ignore the plain language of the statute providing that the trial court award a sanction in an amount "sufficient to deter the party who brought the legal action from bringing similar actions.": *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(2). Rather, as Chief Justice John Marshall· eloquently warned judges 190 years

ago: "To say that the intention of the instrument must prevail; that this intention must be collected from its words; that its words are to be understood in that sense in which they are generally used by those for whom the instrument was intended; that ·its provisions. are neither to be restricted into insignificance, nor extended to objects not comprehended in them, nor contemplated by its framers;—is to repeat what has been already said more at large, and is all that can be necessary," *Ogden v. Sanders*, 25 U.S. (12 Wheat) 213, 332, 6 L.Ed. 606 (1827) (Marshall, C.J. dissenting).

attorney's fees against it, BCG then filed a suit against Kinney in Texas for, among other claims, violations of the Lanham Act for false and defamatory statements based on the same online comment. *Id.* The Texas trial court dismissed the Lanham Act claim under the TCPA and awarded Kinney sanctions of $75,000. *Id.* The trial court in that case had evidence before it of the need to deter BCG from filing further litigation and that an award of $45,000 was not sufficient to deter it. Put simply, unlike the plaintiff in *Kinney*, Range has not filed further litigation against Rich. The trial court awarded Rich $470,012.41 in attorney's fees, and we cannot say that the trial court abused its discretion in finding that Range did not need additional deterrence. We overrule Rich's sole issue on appeal.

## III.  CONCLUSION

Having overruled Rich's sole issue, we affirm the trial court's order denying an award of sanctions against Range.