Opinion by Justice Whitehill
The Texas Supreme Court decided that we erred by reversing the trial court's order dismissing appellants John and Mary Ann Tatum's lawsuit against appellee Julie Hersh. Hersh v. Tatum , 526 S.W.3d 462, 466-68 (Tex. 2017). The court *583 remanded to us to determine whether the trial court erred by refusing to award Hersh any trial court level attorneys' fees or sanctions pursuant to Texas Civil Practice and Remedies Code § 27.009. Id. at 468.
We conclude that the trial court erred by refusing to award Hersh any trial court level attorneys' fees, reverse the trial court's judgment to that extent, and remand for a determination and award of fees. We further conclude that any error in refusing to impose a sanction was harmless because (i) the trial court implicitly concluded that the Tatums did not require deterrence from filing similar actions in the future, (ii) the court thus would have acted within its discretion by assessing only a nominal sanction, and (iii) the failure to assess a nominal sanction is not harmful error. We therefore affirm the judgment to the extent it assesses no sanction against the Tatums.
I. BACKGROUND
The supreme court's opinion states the facts. Id. at 463-65. Here it suffices to say that the Tatums sued Hersh for intentional infliction of emotional distress, alleging that Hersh encouraged Dallas Morning News columnist Steve Blow to write a column about the Tatums' obituary for their son Paul. The Tatums alleged that Blow's column brought them unwanted attention for not discussing suicide in the obituary.
Hersh filed a Chapter 27 dismissal motion and a fee application supported with affidavits and other evidence. See TEX. CIV. PRAC. & REM. CODE §§ 27.001 -.011. Hersh's evidence supported the following facts:
• The Tatums previously filed a defamation case against Hersh based on the same facts.
• The Tatums nonsuited the defamation case and later filed this intentional infliction of emotional distress case against Hersh.
• Hersh incurred $63,242.50 in attorneys' fees defending the defamation case, of which $13,563 would necessarily have been incurred in defending the second lawsuit had the defamation case never been filed.
• Hersh incurred $72,780.50 in attorneys' fees defending this lawsuit, as well as expenses and costs of $247.30.
When the hearing concluded, the trial court allowed the parties to submit additional letter briefs about attorneys' fees, which they did.
The trial court later signed an order dismissing the Tatums' case but awarding Hersh no sanctions and no attorneys' fees except conditional appellate attorneys' fees.
The Tatums appealed the judgment, and Hersh cross-appealed.
Bound by our own prior precedent, we reversed the dismissal of the Tatums' case because in her dismissal motion Hersh denied making the specific statements giving rise to the Tatums' claims. Tatum v. Hersh , 493 S.W.3d 675, 683-84 (Tex. App.-Dallas 2015), rev'd , 526 S.W.3d 462 (Tex. 2017).
The Texas Supreme Court reversed, holding that a claimant's pleading allegations alone can establish that a legal action is based on, relates to, or is in response to a party's exercise of a protected right, even if the defendant denies under oath committing the alleged conduct. See 526 S.W.3d at 467 ("When it is clear from the plaintiff's pleadings that the action is covered by [Chapter 27], the defendant need show no more."). Because (i) the Tatums alleged that Hersh spoke with Blow about the Tatums and (ii) suicide prevention and awareness relate to health, safety, and *584 community well-being, Hersh carried her threshold burden under § 27.005(b). Id. at 467-68. The court went on to hold that the Tatums had not carried their § 27.005(c) burden to establish by clear and convincing evidence a prima facie case for each element of their claims, so Hersh was entitled to dismissal. Id. at 468.
The court remanded to us "to consider whether the trial court erred by refusing [Hersh] her attorneys' fees and sanctions and for any other proceedings."[1] Id.
We invited the parties to file supplemental briefs on remand, which they did.
II. ANALYSIS
A. Issue One: Did the trial court err by refusing to award Hersh any trial level attorneys' fees?
1. The Parties' Contentions
Hersh argues that she is entitled to recover both (i) her trial level attorneys' fees in this case and (ii) the fees she incurred in the prior defamation suit for legal work that was used in this case. She further argues that we should render judgment awarding her the fees she requested rather than remand to the trial court because her fee evidence was clear, direct, positive, uncontroverted, unimpeached, and not discredited.
In their original cross-appellees' brief, the Tatums responded (i) an attorneys' fee award is not mandatory under Chapter 27; (ii) Hersh could not recover any fees from the defamation lawsuit; and (iii) even if a fee award is mandatory under Chapter 27, the trial court's award of conditional appellate fees only was not an abuse of discretion. In their supplemental brief on remand, the Tatums also argue (iv) a fee award would violate their due process rights because they did not have fair notice that Chapter 27 could be construed the way the supreme court construed it and (v) alternatively, the issue should be remanded to the trial court for a reasonableness determination.
Hersh responds that the Tatums' due process argument is incorrect, untimely, and exceeds the supreme court's mandate's scope. Hersh also argues that the Tatums did not challenge the reasonableness of Hersh's fees in the trial court, so we should not remand to give them "a second bite at the apple."
2. Analysis
We generally review orders on attorneys' fees for abuse of discretion. See Am. Heritage Capital, LP v. Gonzalez , 436 S.W.3d 865, 880 (Tex. App.-Dallas 2014, no pet.), disapproved on other grounds by Hersh v. Tatum , 526 S.W.3d 462 (Tex. 2017).
a. Did the trial court have discretion to award Hersh no trial level attorneys' fees?
After our decision in this case, the supreme court held that Chapter 27 requires an award of reasonable attorneys' fees to a successful movant. Sullivan v. Abraham , 488 S.W.3d 294, 299 (Tex. 2016) ; see also CIV. PRAC. § 27.009(a)(1). The trial court has discretion in determining the award's amount, "but that discretion, under [Chapter 27], does not also specifically include considerations of justice and equity." Sullivan , 488 S.W.3d at 299.
Here, Hersh submitted affidavit evidence to prove up her reasonable attorneys' fees up to the date of the last hearing. Following Sullivan , we conclude that *585 the trial court abused its discretion by awarding Hersh no trial level attorneys' fees.
b. Would awarding Hersh her trial level attorneys' fees violate the Tatums' due process rights?
Next, the Tatums argue that a fee award would violate their due process rights because Chapter 27 did not give them fair notice that they could be required to pay Hersh's fees even though Hersh denied making the alleged communication giving rise to the Tatums' claims. This argument requires us to address threshold questions about the supreme court's mandate and error preservation.
(1) The Mandate
We first conclude that the Tatums' due process argument is within the supreme court's mandate's scope.
"We have no authority to take any action to address issues other than those we are required to address pursuant to the mandate." In re Davis , No. 05-15-00888-CV, 2015 WL 4572660, at *2 (Tex. App.-Dallas July 30, 2015, orig. proceeding) (mem. op.). Here, the supreme court's mandate remanded the case to us "for further proceedings in accordance with [the supreme court's] opinion." The opinion, in turn, directed us "to consider whether the trial court erred by refusing [Hersh] her attorneys' fees and sanctions and for any other proceedings." 526 S.W.3d at 468.
The Tatums' argument can be construed as arguing that the trial court did not err by denying Hersh her trial level attorneys' fees because awarding those fees would have violated the Tatums' due process rights. Thus construed, the argument is within the supreme court's mandate, and we can consider it.
(2) Error Preservation
The next question is whether the Tatums' failure to raise this due process argument in the trial court forfeited it. They argue that the argument is timely because it ripened only after the supreme court issued its opinion holding that Chapter 27 applies despite Hersh's denial that she made the alleged communication. And they argue that parties should not be required to preemptively assert a due process "fair notice" argument in every case just in case an appellate court unexpectedly interprets the law in an unforeseeable way.
We are not persuaded by the Tatums' argument. Hersh requested her fees by requesting § 27.009 relief in her dismissal motion. The Tatums opposed the motion, in part, by arguing that Hersh denied making the alleged communication. See 493 S.W.3d at 679. Their due process argument is essentially that they could not reasonably foresee that a court would interpret Chapter 27 to allow a defendant to invoke its protections while simultaneously denying making the communication. But Hersh asked the trial court to interpret the statute that way by making her dismissal motion. The Tatums could have asserted their due process argument then.
Without a proper pleading raising unconstitutionality, "the trial court is generally without authority to reach the issue." In re Doe 2 , 19 S.W.3d 278, 284 (Tex. 2000). Thus, the trial court could not properly deny Hersh her trial level attorneys' fees based on a due process complaint the Tatums had not raised. Moreover, we will not affirm an order based on a legal theory that was not presented to the trial court and to which the opposing party had no opportunity to respond. Victoria Gardens of Frisco v. Walrath , 257 S.W.3d 284, 290 (Tex. App.-Dallas 2008, pet. denied).
*586 Accordingly, we do not consider the Tatums' due process argument.[2]
c. Should we render judgment or remand?
The two remaining arguments concern the amount of fees to be awarded. First, the parties dispute whether Hersh can recover fees she incurred defending the Tatums' prior defamation suit based on her lawyer's affidavit testimony that those particular fees "would necessarily have been incurred in the Second Lawsuit had the First Lawsuit never been filed" and "represent[ ] work that was used in connection with the Second Lawsuit." Second, the parties dispute whether we should render judgment on attorneys' fees or remand for further proceedings in the trial court.
We address the second question first. Appellate courts generally remand the fee issue when a trial court has erroneously denied a Chapter 27 dismissal motion. See, e.g. , Cox Media Grp., LLC v. Joselevitz , 524 S.W.3d 850, 865 (Tex. App.-Houston [14th Dist.] 2017, no pet.) (discussing cases). However, the El Paso Court of Appeals has held that the appellate court can render judgment for fees if the fee evidence is clear, direct, positive, uncontroverted, unimpeached, and not discredited. Sierra Club v. Andrews Cty. , 418 S.W.3d 711, 720-21 (Tex. App.-El Paso 2013), rev'd on other grounds , 463 S.W.3d 867 (Tex. 2015) (per curiam).
Although the trial court in this case granted Hersh's dismissal motion, it denied her request for trial level attorneys' fees, leaving this case in a posture similar to Cox Media Group and the cases it cites. In Cox Media Group itself, the appellate court held that the trial court erred by denying Cox Media Group's dismissal motion. 524 S.W.3d at 865. Cox Media Group urged the appellate court to render judgment on its request for fees because the fee evidence was uncontroverted, but the court declined. Id. It noted that the reasonableness of attorneys' fees authorized by statute is generally a fact question. Id. (citing Bocquet v. Herring , 972 S.W.2d 19, 21 (Tex. 1998) ). Even though the plaintiff, Joselevitz, did not contest Cox Media Group's fee request, the court "decline[d] to render judgment for these amounts because the record does not indicate that the trial court has considered the issue, including 'weigh[ing] the evidence.' " Id. (quoting Sullivan v. Abraham , 488 S.W.3d 294, 300 (Tex. 2016) ); see also Serafine v. Blunt , No. 03-16-00131-CV, 2017 WL 2224528, at *7 (Tex. App.-Austin May 19, 2017, pet. denied) (mem. op.) (declining request to render fee judgment and remanding fee issue to trial court).
We have surveyed our Chapter 27 cases and found none in which we rendered a fee judgment as Hersh requests. We have, however, remanded for fee determinations. See, e.g. , Better Bus. Bureau of Metro. Dallas, Inc. v. Ward , 401 S.W.3d 440, 445 (Tex. App.-Dallas 2013, pet. denied).
We agree with Cox Media Group and conclude that we should remand the fee issue to the trial court for a reasonableness determination. In light of this conclusion, we also leave to the trial court the *587 question whether Hersh is entitled to recover any fees she incurred defending the Tatums' previous defamation action.
B. Issue Two: Did the trial court err by refusing to award Hersh any sanctions?
1. The Parties' Contentions
Hersh argues that § 27.009 required the trial court to impose sanctions against the Tatums and thus the trial court erred by not doing so. Hersh suggests that we should render the sanction ourselves in the amount of roughly $51,000 for the fees Hersh (i) claims she incurred defending the prior defamation action and (ii) concedes she cannot recover in this action as attorneys' fees.
The Tatums respond that the sanction provision is discretionary and the trial court did not abuse its discretion by concluding that no sanction was necessary to deter the Tatums from bringing similar claims in the future. Their supplemental brief also raises a due process challenge to Chapter 27's sanctions provision.
2. Analysis
We generally review sanctions orders for abuse of discretion. See Am. Heritage Capital, LP , 436 S.W.3d at 880.
Section 27.009 uses the word "shall," suggesting that the trial court must impose sanctions when granting a dismissal motion:
(a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:
(1) courts costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and
(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.
CIV. PRAC . § 27.009(a) (emphasis added); see also TEX. GOV'T CODE § 311.016(2) (in Texas codes, the general rule is that " 'Shall' imposes a duty"). And in Sullivan the supreme court held that § 27.009"requires" the trial court to award reasonable attorneys' fees, 488 S.W.3d at 299, which suggests that imposing sanctions is also mandatory. But the statute does not specify a particular formula, amount, or guideline for determining the sanctions amount other than to say that the amount is to be sufficient to deter the party who brought the legal action from bringing similar actions. CIV. PRAC . § 27.009(a). What if the trial court decides that the party to be sanctioned is unlikely to bring similar actions again?
The Austin and Amarillo Courts of Appeals hold that a sanctions award is mandatory when a trial court grants a dismissal motion. Serafine , 2017 WL 2224528, at *7 ; Sullivan v. Abraham , 472 S.W.3d 677, 683 (Tex. App.-Amarillo 2014), rev'd in part on other grounds , 488 S.W.3d 294 (Tex. 2016). In each case, the court reversed a trial court for refusing to impose a sanction and remanded for that purpose. Serafine , 2017 WL 2224528, at *7 ; Sullivan , 472 S.W.3d at 683.
However, the Fort Worth Court of Appeals recently held that, although a § 27.009 sanctions award is mandatory, the trial court's denial of sanctions was harmless error. Rich v. Range Res. Corp. , 535 S.W.3d 610, 612-14 (Tex. App.-Fort Worth 2017, pet. filed). In Rich , the trial court dismissed Range's claims against Rich pursuant to Chapter 27 and awarded Rich her attorneys' fees but refused to award Rich any sanctions. Rich appealed. The appellate court noted that the statute *588 specifically provides that the sanction should be the amount "the court determines sufficient to deter the party who brought the legal action from bringing similar actions," ids="12409275" index="37" url="https://cite.case.law/sw3d/535/610/#p612">id. at 613 n.1 (quoting CIV. PRAC. § 27.009(a)(2) ), and it held that the trial court has discretion to determine that amount, id. at 613. Furthermore, if the trial court determines that the plaintiff does not need deterring from filing similar actions, the court may award a nominal sanction such as $1.00. Id. Concluding that the trial court implicitly found that Range did not need deterring, the appellate court held that the failure to award a nominal sanction was not reversible error. Id. at 613-14 ; cf. Mo., K. & T. Ry. Co. v. Kirkpatrick , 165 S.W. 500, 501 (Tex. Civ. App.-Dallas 1914, no writ) (under maxim de minimis non curat lex , court would not reverse judgment even assuming it was excessive by $2.50).
We agree with the Rich court's analysis and conclude that the trial court here implicitly determined that no sanctions were necessary to deter the Tatums from bringing similar suits in the future. If this implicit finding was not an abuse of discretion, the trial court had discretion to award nominal sanctions and the failure to make that award is harmless error.
Hersh, however, argues that a significant sanction is necessary to deter the Tatums from filing similar lawsuits in the future because the Tatums filed four suits arising from the same facts: the two suits against Hersh, a suit against Steve Blow and The Dallas Morning News, Inc., see Tatum v. Dallas Morning News, Inc. , 493 S.W.3d 646 (Tex. App.-Dallas 2015, pet. granted), and a Rule 202 petition against Hersh's publicist. But Hersh cites no evidence that the Tatums have ever filed a lawsuit that did not arise from the facts underlying this case, much less an unrelated lawsuit implicating a defendant's exercise of the right of association, petition, or speech. The trial court reasonably could have concluded that the evidence showed only that (i) the Tatums were highly motivated to seek redress for the specific newspaper column that, in their view, attacked their son's obituary and their honesty, (ii) the tragedy of losing their son and the obituary underlying the suit would not repeat, and (iii) the Tatums showed no inclination to file future lawsuits within Chapter 27's purview.
We conclude that the trial court did not abuse its discretion by implicitly finding that no deterrence was necessary. Although its refusal to impose a nominal sanction may have been erroneous, any error was harmless. Accordingly, we overrule Hersh's second issue.
III. DISPOSITION
For the foregoing reasons, we reverse the trial court's judgment to the extent that court refused to award Hersh any attorneys' fees other than conditional appellate attorneys' fees. We otherwise affirm the trial court's judgment. We remand the case for a determination and award of Hersh's reasonable attorneys' fees, excluding the already-awarded conditional appellate attorneys' fees that no party challenged on appeal. See supra n.1.

No party has complained, at any stage of this appeal, about the trial court's award of conditional appellate attorneys' fees against the Tatums. Accordingly, we will not disturb that part of the judgment.

We do not read footnote 5 in the Texas Supreme Court's recent Miller v. JSC Lake Highlands Operations, LP opinion to change these error preservation rules so that the Tatums can raise their due process argument for the first time on appeal merely because they opposed Hersh's dismissal motion in the trial court. See 536 S.W.3d 510, 513 n.5 (Tex. 2017) (per curiam) ("The defendants argue that Miller cannot respond with arguments regarding the reports that she did not make in the trial court. We disagree.... Miller defended the adequacy of the reports in the trial court, and we may address her arguments on that issue.").