**Affirm and Opinion Filed February 7, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00767-CV

**CARLOS MORALES, Appellant**

**V.**

**DAVID BARNES, Appellee**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-11126**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Molberg

Carlos Morales appeals the trial court's judgment denying his motion for attorney's fees,

expenses, costs, and sanctions. In two issues, Morales complains the trial court contravened the

Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011 (the TCPA), and

abused its discretion by awarding him nothing for attorney's fees and sanctions after dismissing—

pursuant to this Court's mandate—certain claims asserted against him by David Barnes.[1] In a

---

[1] The Texas Legislature amended the TCPA effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378 § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because the underlying lawsuit was filed before September 1, 2019, the law in effect before September 1 applies. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042 §§ 1–3, 5, 2013 Tex. Gen. Laws 2499–2500. All citations to the TCPA are to the version before the 2019 amendments took effect, unless otherwise indicated.

cross-point, Barnes contends the trial court erred by, sua sponte, dismissing other claims this Court remanded.

We affirm in part and reverse in part. We reverse the trial court's judgment to the extent it denied Morales' request for attorney's fees for the claims previously dismissed by this Court. We further reverse the trial court's judgment to the extent it dismissed, sua sponte, claims we did not previously dismiss and which we remanded to the trial court. We affirm the trial court's judgment to the extent it assessed no sanctions against Barnes. We remand the case to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

After Barnes and Jennifer Lancashire divorced in 2012, they continued acrimonious litigation related to custody and assets in post-divorce proceedings. Jennifer and her current husband, David Lancashire, also filed separate lawsuits against Barnes for assault. Morales represented Jennifer in this protracted and bitter litigation.

In September 2014, Morales—in his capacity as Jennifer's attorney—sent Credit Suisse, Barnes' employer, a "preservation of evidence" letter regarding the assault cases (first letter). In 2016, Barnes left Credit Suisse and accepted a position at UBS. Shortly thereafter, Morales—again acting as Jennifer's attorney—sent a "cease and desist" letter to UBS alleging Barnes had "maliciously" contacted third parties and made false, misleading, and defamatory statements about Jennifer using UBS' electronic mail system (second letter). Barnes filed suit and asserted claims against Jennifer and Morales for tortious interference with business relations, tortious interference with prospective business relations, civil conspiracy, and intrusion on seclusion. Morales filed a motion to dismiss the lawsuit under the TCPA. The trial court denied the motion and Morales appealed.

In an opinion and judgment issued on December 29, 2017 a panel of this Court reversed the trial court's denial of Morales' motion to dismiss "as to all causes pleaded based on the [second letter]" and "render[ed] a partial judgment of dismissal of those causes of action." *Morales v. Barnes*, No. 05-17-00316-CV, 2017 WL 6759190, at *6 (Tex. App.—Dallas Dec. 29, 2017, no pet.) (mem. op.). We affirmed the trial court's judgment "[i]n all other respects" and remanded the case "for further proceedings consistent with this opinion." *Id.* Our mandate issued on March 12, 2018.

On remand, Morales filed a motion (and then an amended motion) for attorney's fees, expenses, costs, and sanctions. At the May 25, 2018 hearing on Morales' motion, Morales presented evidence in support of his attorney's fees request, including invoices, his testimony, an expert witness affidavit, and expert witness testimony on the reasonableness and necessity of the requested fees. The record on appeal reflects the fee evidence was hotly contested and controverted by Barnes, both as to reasonableness and necessity, as well as to whether the invoices were billing records regularly kept in the ordinary course of business. Record evidence indicates the requested attorney's fees were not segregated between claims based on the first letter (non-dismissed claims) and claims based on the second letter (dismissed claims), and Morales' expert witness testified he did not segregate the claims in his review and analysis of Morales' invoices.

By order dated May 29, 2018, the trial court denied Morales' motion for fees and sanctions, entered an order and "final judgment" dismissing all claims based on the second letter—as mandated by this Court—and denied "all other relief requested." This appeal followed.

## ANALYSIS

### *The Trial Court Erred By Not Awarding Morales His Attorney's Fees For Claims Arising Out of the Second Letter*

When a trial court dismisses an action pursuant to the TCPA, the statute requires the court to award the successful movant its costs, reasonable attorney's fees, and sanctions "sufficient to

deter the party who brought the legal action from bringing similar actions." TEX. CIV. PRAC. & REM. CODE § 27.009(a); *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) (TCPA requires award of reasonable attorney's fees to successful movant); *Cruz v. Van Sickle*, 452 S.W.3d 503, 522 (Tex. App.—Dallas 2014, pet. denied). The TCPA defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6).

A request for attorney's fees is premised on a trial court's dismissal of a claim. *See D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 441–42 (Tex. 2017). A party is not entitled to attorney's fees for claims that are not dismissed. *See id.* at 442; *see also Infowars, LLC v. Fontaine*, No. 03-18-00614-CV, 2019 WL 5444400, at *6 (Tex. App.—Austin Oct. 24, 2019, pet. filed) (mem. op.). While the trial court has discretion to determine the amount of attorney's fees to be awarded, that discretion does not include "considerations of justice and equity." *Sullivan*, 488 S.W.3d at 299 (concluding trial court erred by considering justice and equity as part of standard of review for attorney's fees award). We generally review a trial court's order on attorney's fees for an abuse of discretion. *Tatum v. Hersh*, 559 S.W.3d 581, 584 (Tex. App.— Dallas 2018, no pet.); *Sandles v. Howerton*, 163 S.W.3d 829, 838 (Tex. App.—Dallas 2005, no pet.). This Court's previous panel opinion and related judgment and mandate rendered partial judgment dismissing the causes of action pleaded based on the second letter. Accordingly, the trial court was required to award reasonable and necessary attorney's fees for those claims.[2] We conclude the trial court abused its discretion by awarding Morales no attorney's fees for Barnes' claims based on the second letter. *Sullivan*, 488 S.W.3d at 299.

---

[2] Barnes contends this Court's December 29 judgment and subsequent mandate did not explicitly remand the case to the trial court for a determination of attorney's fees and sanctions. However, our opinion, judgment, and mandate remanded the case to the trial court for "further proceedings consistent with this opinion," and a determination of statutorily mandated attorney's fees and sanctions necessarily falls within the scope of our mandate. Barnes correctly states the mandate orders each party to bear its own costs of the appeal.

Having concluded the trial court erred by failing to award any attorney's fees for claims arising out of the second letter, we now consider whether remand or rendition is appropriate. Appellate courts generally remand the question of the amount of fees to be awarded, unless the fee evidence is clear, direct, positive, uncontroverted, unimpeached, and not discredited. *Siam v. Mountain Vista Builders*, 544 S.W.3d 504, 510 (Tex. App.—El Paso 2018, no pet.). Moreover, because attorney's fees are only recoverable pursuant to a contract or statute, fee claimants must segregate between the claims for which fees are recoverable and the claims for which fees are not, unless the claims are inextricably intertwined. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006); *see also Infowars*, 2019 WL 5444400, at *6. "[I]ntertwined facts alone do not make fees for unrecoverable claims recoverable." *Lederer v. Lederer*, 561 S.W.3d 683, 703 (Tex. App.—Houston [14ht Dist.] 2018, no pet.). Rather, to establish the claims are so inextricably intertwined that segregation is not required, the movant must establish that discrete legal services advanced both a recoverable claim and an unrecoverable claim. *Chapa*, 212 S.W.3d at 313–14. The party seeking to recover attorney's fees has the burden to show segregation is not required. *Clearview Props., L.P. v. Prop. Tex. SC One Corp.*, 287 S.W.3d 132, 144 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). An attorney's testimony that the legal services and time expended would have been necessary even if the claim with unrecoverable fees had not been asserted is sufficient to satisfy the segregation requirement. *State Farm Lloyds v. Hanson*, 500 S.W.3d 84, 102 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

Here, Morales cannot recover attorney's fees for the dismissal of any claims other than those arising out of the second letter. Therefore, Morales was required to segregate the fees he incurred solely for those claims. Nothing in the record on appeal indicates Morales made any effort, much less a reasonable effort, to segregate and provide evidence of the fee amount incurred solely for claims based on the second letter. Nor did Morales offer testimony that all of his legal

services and time expended to advance the unrecoverable claims also advanced the recoverable claims, or otherwise properly establish his fees were inextricably intertwined.[3]

Based on our review of the record on appeal, we conclude Morales' fee evidence did not segregate between recoverable and non-recoverable fees. Accordingly we reverse the trial court's award of no attorney's fees; we render judgment that the trial court award Morales his reasonable and necessary attorney's fees for claims based solely on the second letter; and we remand the issue to the trial court for proceedings consistent with this opinion.

*The Trial Court Did Not Err By Not Awarding Sanctions*

We generally review a trial court's order on sanctions for an abuse of discretion. *Roach v. Ingram*, 557 S.W.3d 203, 229 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see also Serafine v. Blunt*, No. 03-16-00131-CV, 2017 WL 2224528, at *7 (Tex. App.—Austin May 19, 2017, pet. denied) (mem. op.). Section 27.009 requires a trial court to impose sanctions when a claim or cause of action is dismissed under the TCPA:

> (a) If the court orders dismissal of a legal action under this chapter, the court **shall** award to the moving party:
>
> (1) courts costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and
>
> (2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

TEX. CIV. PRAC. & REM. CODE § 27.009(a) (emphasis added).[4] The sanction must be an amount sufficient to deter the offending party from filing similar future cases. *Id.* § 27.009(a)(2). The trial

---

[3] Although Morales' expert witness testified that "[t]here's no way" to segregate Barnes' claims as they relate to the first letter and his claims as they relate to the second letter and "segregation is not required in this case," on Barnes' objection, the trial court ruled the expert's testimony was limited to the reasonableness and necessity of Morales' requested attorney's fees and did not permit him to testify on the segregation issue. No error is assigned to this ruling.

[4] The amended version of the TCPA, effective September 1, 2019, makes a significant change to section 27.009 as it relates to the sanctions issue presented here. *See* TEX. CIV. PRAC. & REM. CODE § 27.009(a)(2) ("the court . . . *may* [rather than "*shall*"] award . . . sanctions").

court has broad discretion in determining the amount to be assessed. *Rich v. Range Res. Corp.*, 535 S.W.3d 610, 613 (Tex. App.—Fort Worth 2017, pet. denied); *Johnson-Todd Morgan*, No. 09-17-00168-CV, 2018 WL 6684562, at *6 (Tex. App.—Beaumont Dec. 20, 2018, pet. denied) (mem. op.). If the trial court determines a party is not likely to file a similar action, nominal sanctions in the amount of $1 may be awarded. *Rich*, 535 S.W.3d 610, 613–14 (Tex. App.—Fort Worth 2017, pet. denied). A trial court's rejection of a sanction award constitutes an implied finding the plaintiff did not need to be deterred. *Tatum v. Hersh*, 559 S.W.3d 581, 588 (Tex. App.—Dallas 2018, no pet.). In such case, the failure to award a nominal amount is harmless error. *Rich*, 535 S.W.3d at 614; *Tatum*, 559 S.W.3d at 588. Thus, while a sanctions award is mandatory under section 27.009(a)(2), in some circumstances a trial court's denial of sanctions could be non-reversible harmless error. *Rich*, 535 S.W.3d at 614 ("It is well-settled that a trial court's failure to award $1 is not reversible error."); *Tatum*, 559 S.W.3d at 588 (trial court has discretion to award nominal damages and failure to do so is harmless error). As long as it was not an abuse of discretion for the trial court to implicitly or explicitly determine sanctions were not necessary to deter Barnes from bringing similar suits in the future, we will not reverse the trial court's failure to award nominal sanctions. *See Rich*, 535 S.W.3d at 613; *Tatum*, 559 S.W.3d at 588.

Morales argues a substantial sanction is necessary to deter Barnes from filing similar lawsuits in the future because, "Barnes has shown that his filing of the lawsuit against Morales and Lancashire was solely retaliatory," and "the trial court [previously] found that Barnes was in contempt for 45 separate violations of failing to pay deferred compensation owed to Lancashire" under court order.[5] Barnes responds the trial court appropriately denied sanctions because "there is no requirement that the trial court award sanctions at all"; section 27.009(a)(2) was not triggered

---

[5] Emphasis omitted.

because his claims are still live under the first letter; and he only filed the underlying lawsuit after Morales interfered with his employment at two different companies, putting his job and ability to support himself and his family as risk. As a result, there is no reason to "deter" future litigation, because he had reasonable grounds for filing suit against Morales.

Section 27.009(a)(2)'s sanction requirement was triggered in this case by our dismissal of all claims based on the second letter. Both letters were sent to Barnes' employers. Based on the record on appeal, we conclude the trial court reasonably could have determined the letters disclosed personal information of an embarrassing nature to Barnes' employers for no legitimate reason. Under the circumstances of this case, the trial court reasonably could have found the evidence showed a history of bitter hostility between the parties, and Morales may have sent the first "preservation of evidence" letter attaching a copy of the petition accusing Barnes of assaulting the Lancasters to Credit Suisse in bad faith. The trial court likewise reasonably could have found that similar motives precipitated Morales' second "cease and desist" letter to UBS alleging Barnes was making false and defamatory statements about Jennifer to third parties. That the statements in the second letter did not survive a motion to dismiss under the TCPA does not mean Morales sent the letter to UBS in good faith or that Morales did not send the letter with the intent to embarrass and harass Barnes.[6]

---

[6] Morales contended both the first and second letter involved a matter of public concern under section 27.001 because "they concerned false representations made by a licensed broker/wealth manager—Barnes—to the public and related to Barnes['] service in the marketplace." *Morales v. Barnes*, 2017 WL 6759190, at *2. Analyzing the two letters separately, this Court concluded the first letter was not a "matter of public concern" because it did not pertain "in any way to Barnes' work in or making false representations related to the marketplace" and we affirmed the trial court's denial of the motion to dismiss as to all claims based on the first letter. *Id*. at *3. The second letter, however, "contained an allegation that Barnes 'maliciously and purposefully contacted third parties making false, misleading and/or defamatory statements about [Lancashire]' using UBS's email." On that basis, this Court concluded the second letter related to Barnes' service in the marketplace—and therefore was a matter of public concern—because it made "specific factual allegations that Barnes made disparaging communications to third parties using his employer's means of communication." *Id*. Ergo, we reversed the denial of the motion to dismiss as to all claims based on the second letter. We make no determination here whether our prior panel opinion dismissing Barnes' causes of action based on the second Morales letter withstands the supreme court's recent "matter of public concern" analysis in *Creative Oil &*

The trial court's rejection of sanctions amounts to an implicit finding that no sanctions were necessary to deter Barnes' future conduct. Thus, the trial court had discretion to award sanctions in a nominal amount. In light of the circumstances of this case and the record before us, we conclude the trial court did not abuse its discretion by implicitly finding that no deterrence was necessary, and while its failure to award a nominal sanction against Barnes was erroneous, the error was harmless and we will not reverse the trial court's order on that basis. Accordingly, we resolve Morales' second issue against him.

### The Trial Court Erred By Dismissing Any Claims
### Based On the First Letter

In a single cross-point, Barnes contends the trial court improperly dismissed with prejudice his claims based upon the first letter because there was no motion or other pleading seeking dismissal of those claims as relief, and this Court did not dismiss those claims in our December 29, 2017 judgment and related mandate. We agree.

A mandate is an appellate court's "formal command requiring the lower court to comply with the appellate court's judgment." *See Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 189, 144 (Tex. App.—Dallas 2011, no pet.). When an appellate court remands a case with specific instructions, as we did here, the trial court must comply with the instructions and give full effect to the appellate court's judgment and mandate. *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.). "The trial court has no authority to take any action that is inconsistent with or beyond what is necessary to give full effect to the appellate court's judgment and mandate." *Id.* Moreover, a trial court generally may not grant relief to a party who has not requested such relief in a live pleading. Tᴇx. R. Cɪv. P. 301.

*Gas, LLC v. Lona Hills Ranch, LLC*, No 18-0656, 2019 WL 6971659 (Tex. Dec. 20, 2019); *see also Goldberg v. EMR (USA Holdings), Inc.*, No. 05-00261-CV, 2020 WL 400171, at *6 (Tex. App.—Dallas Jan. 23, 2020, no pet. h.) (mem. op.).

The trial court's Order On Motion For Attorney's Fees, [E]xpenses, Sanctions and Dismissal With Prejudice states:

> As Mandated by the Dallas Court of Appeals, IT IS HEREBY ORDERED THAT all causes of action pleaded based on the second communication only, a letter dated April 6, 2016, are hereby dismissed with prejudice.

> This Order is a final judgment and all other relief requested is hereby DENIED.

The trial court's use of the statements "final judgment" and "all other relief requested is hereby DENIED" purports to dispose of, sua sponte, all issues and all parties to the lawsuit. Our December 29, 2017 judgment and related mandate, however, rendered a partial judgment dismissing only Barnes' claims based on the second letter. We affirmed the trial court's denial of the motion to dismiss Barnes' claims based on the first letter and we remanded those claims to the trial court for further proceedings. We conclude that by dismissing any claims based on the first letter, the trial court's order was inconsistent with and failed to give full effect to our December 29, 2017 judgment and related mandate. Moreover, Morales did not request dismissal of any claims based on the first letter after we remanded the case to the trial court, and there was no live pleading requesting dismissal of those claims.

Accordingly, we reverse the trial court's order to the extent it dismissed any claims based on the first letter and we remand the case to the trial court for further proceedings consistent with this opinion. We resolve Barnes' cross-issue in his favor.

## CONCLUSION

We reverse the trial court's judgment to the extent it denied Morales' request for attorney's fees for the claims previously dismissed by this Court. We further reverse the trial court's judgment to the extent it dismissed, sua sponte, claims we did not previously dismiss and which we remanded to the trial court. We affirm the trial court's judgment to the extent it assessed no

sanctions against Barnes.  We remand the case to the trial court for further proceedings consistent with this opinion.

/Ken Molberg//

KEN MOLBERG
JUSTICE

180767f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

| | | |
|---|---|---|
| CARLOS MORALES, Appellant | | On Appeal from the 302nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-11-11126. |
| No. 05-18-00767-CV | V. | |
| DAVID BARNES, Appellee | | Opinion delivered by Justice Molberg. Justices Bridges and Partida-Kipness participating. |

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED AND REMANDED** in part. We **REVERSE** the trial court's judgment to the extent it denied Appellant's request for attorney's fees for the claims dismissed by this Court's prior opinion and judgment issued on December 29, 2017. We further **REVERSE** the trial court's judgment to the extent it dismissed, sua sponte, claims not dismissed, but rather, remanded to the trial court by our December 29, 2017 opinion and judgment. We **AFFIRM** the trial court's judgment to the extent it assessed no sanctions. We **REMAND** the case to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 7th day of February 2020.